IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-96-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of SURFACEMAX, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| BRISTOL DESIGN BUILD SERVICES, LLC & SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on defendant's motion to lift stay [DE 18]. For reasons discussed below, the motion is GRANTED.

## BACKGROUND

The instant case involves a construction project at Marine Corps Base Camp Lejeune. The project involves the construction of a gun range on Camp Lejeune. Defendant Bristol Design Build Services, LLC ("Bristol") was the general contractor for the project and plaintiff SurfaceMax, Inc. ("SurfaceMax") was a first-tier subcontractor to Bristol on the project.

SurfaceMax obtained and provided a subcontractor performance bond ("the Bond") to assure its performance on the project. The surety for the Bond is the Hudson Insurance Company ("Hudson") which Bristol is attempting to add to this case and the arbitration at issue as a third-party defendant.

SurfaceMax filed the instant case with this Court on May 10, 2013, despite the presence of an arbitration clause in the subcontract. Bristol moved to stay this case and refer the matter to arbitration which was ordered on July 5, 2013. Bristol then demanded that Hudson also arbitrate

alleging that the Bond incorporated all of the terms of the subcontract including its arbitration provision. Hudson has not responded to any of Bristol's communications. Bristol then sought clarification from the arbitrator, James Schenk, as to whether appropriate demands had been made upon Hudson and the arbitration could go forward in absentia. Mr. Schenck declined to clarify, stating that he did not have the authority to declare Hudson a party given that it had not consented to him as an arbitrator and Hudson and not joined in the stipulation to arbitrate.

Bristol now seeks that the order to stay be lifted for the limited purpose of allowing Bristol to seek to amend its complaint to add Hudson as a party and compel it to arbitrate.

## DISCUSSION

FED. R. CIV. P. 14(a)(1) provides that a defendant may serve a complaint on a third party more than 14 days after serving its original offer if it obtains the Court's leave. It is within a court's sound discretion to stay an action before it. *Precision BioSciences, Inc. v. Cellectis S.A.*, 2011 U.S. Dist. LEXIS at *3 (E.D.N.C. Nov. 30, 2011) (citing *Int'l Nickel CO. v. Martin J. Barry, Inc.*, 204 F.2d 583, 585 (4th Cir. 1953). Bristol argues that it has no recourse to effectuate its right to arbitrate with Hudson other than through this Court. Exercising its discretion, this Court GRANTS the motion to lift the stay for the limited purpose of allowing defendant to file its motion to amend its complaint and ruling on that action. The clerk is directed to file defendant's motion to amend its complaint and its memorandum in support [DE 19 – Exhibit A] and to set a response deadline for plaintiff.

SO ORDERED, this ___1___ day of ~~October~~ November, 2013.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2